Frank A. Gulotta, J.
These are four motions by the two defendant newspapers. First each moves by separate motion to dismiss the plaintiff’s complaint and second, each moves by separate motion to dismiss a cross complaint asserted against them by codefendants, Almquist. It is claimed that the complaint is insufficient in law and that the cross complaint is improperly pleaded under section 264 of the Civil Practice Act.
It appears that the plaintiff hired Almquist (both the corporation and the individual) to handle their advertising, under an agreement whereby they agreed to pay to the plaintiff any rebates which they might receive from the newspapers in which they placed the advertising. We need not concern ourselves with whether a cause of action is stated against Almquist without an allegation that Almquist actually received the rebates, because that cause of action is not reached by these motions.
*681 No agreement directly between the plaintiff and the newspapers is pleaded or claimed to exist. Neither does the complaint plead a contract between the defendants for the plaintiff’s benefit, and therefore the doctrine which permits a recovery by a third-party beneficiary can have no application. It follows therefore that the complaint is insufficient as against the moving defendants and is dismissed with leave to replead in accordance with this memorandum, if plaintiff be so advised.
As to the cross complaint however, there is a different question presented. While the cross complaint alleges an agreement for rebates made in September, 1955, it specifies no termination date, and in somewhat general language goes on to state that rebates were to be made at the end of each year. It therefore cannot be said as a matter of law that rebates for the year 1956 were not included and the moving defendants’ objections based on that ground are not well taken.
Neither do I deem the objection to the sufficiency of the cross complaint sound wherein the newspapers rely on the fact that Almquist is suing on a separate contract and not a contract of indemnity. In this respect section 264 of the Civil Practice Act dealing with cross complaints between parties already in the lawsuit, is broader than section 193-a of the Civil Practice Act dealing with the third-party practice for bringing in new parties, in that the former permits an independent affirmative claim, provided both controversies have in common some questions of law or fact. (See Tripp, a Guide to Motion Practice, 1949-1955 Supp. p. 73.) This case fits well into that category.
While it is true that as a result of the decision herein, the plaintiff is left with no claim against the moving defendants, I think the validity of the cross complaint must be judged by the situation existing at the time it was served pursuant to section 264 of the Civil Practice Act. It therefore will be allowed to stand.